UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INTELLECTUAL PROPERTY WATCH, et al.,

Plaintiffs,

- against -

UNITED STATES TRADE REPRESENTATIVE,

Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 1/31/14

**OPINION AND ORDER**

13 Civ. 8955 (ER)

Ramos, D.J.:

By order dated January 6, 2014, the Honorable Jesse M. Furman denied non-party William J. Kirsch's request to intervene in this action. Doc. 3. On January 23, 2014, the case was transferred to the undersigned and on January 29, 2014, Mr. Kirsch filed a motion for reconsideration of the Court's January 6, 2014 order. The motion, Doc. 8, is DENIED.

Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. Jul. 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Under the strict standard applied by courts in this Circuit, "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *AEP-PRI Inc. v. Galtronics Corp. Ltd.*, No. 12 Civ. 8981 (PAE), 2013 WL 5289740, at *1 (S.D.N.Y. Sept. 19, 2013) (internal citations and quotations omitted).

Mr. Kirsch's motion is completely untenable. First, the Court dismisses the motion as untimely. Rule 6.3 of the Local Civil Rules for this District provides that "a notice of motion for reconsideration…of a court order determining a motion shall be served within fourteen (14) days

1

after the entry of the Court's determination of the original motion." Local R. 6.3; *see also Luv N' Care, Ltd. v. Regent Baby Products Corp.*, No. 10 Civ. 9492 (SAS), 2014 WL 265767, at *1 (S.D.N.Y. Jan. 23, 2014) (denying as untimely motion for reconsideration filed fifteen days after the Court's initial order). Here, Mr. Kirsch filed his motion for reconsideration on January 29, 2014, well over fourteen days after the January 6, 2014 order, and did not seek an extension of the deadline from the Court. Accordingly, the Court dismisses his motion on that basis alone.

Second, even if the Court considered the merits of the motion, Local Civil Rule 6.3 also requires a party moving for reconsideration to set forth a concise statement of "the matters or controlling decisions which counsel believes the Court has overlooked." Local R. 6.3. "Where the movant fails to show that any controlling authority or facts have actually been overlooked, the motion for reconsideration must be denied." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). In the instant case, Mr. Kirsch has neither provided any newly discovered evidence nor suggested that there has been any change in controlling law with respect to the standard for intervention set forth in Federal Rule of Civil Procedure 24. As Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," the motion for reconsideration is therefore DENIED. *Mikol*, 554 F. Supp. 2d at 500.

The Clerk of the Court is respectfully directed to terminate the motion (Doc. 8).

SO ORDERED.

Dated:   January 31, 2014
         New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.