UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 2/28/14
```

INTELLECTUAL PROPERTY WATCH, et al.,

Plaintiffs,

- against -

UNITED STATES TRADE REPRESENTATIVE,

Defendant.

**OPINION AND ORDER**

13 Civ. 8955 (ER)

Ramos, D.J.:

By order dated January 6, 2014, the Honorable Jesse M. Furman denied non-party William J. Kirsch's request to intervene in this action. Doc. 3. On January 23, 2014, the case was transferred to the undersigned and on January 29, 2014, Mr. Kirsch filed a motion for reconsideration of the Court's January 6, 2014 order. Doc. 8 (the "Motion for Reconsideration"). On January 31, 2014, the Court issued an order denying the Motion for Reconsideration, Doc. 10 (the "Order"), and mailed a copy to Mr. Kirsch.[1] On February 19, 2014, the Court received as undelivered its mailing to Mr. Kirsch. On February 24, 2014, the Court received another motion from Mr. Kirsch, dated February 18, 2014, and titled "Motion to Amend Petition for Reconsideration," Doc. 12 (the "Motion to Amend"). The Court DENIES the Motion to Amend as moot, in light of its previous Order.

Even if the Court considered the merits of the Motion to Amend, however, Mr. Kirsch's pleadings remain out of compliance with Local Civil Rule 6.3, which requires a party moving for reconsideration to (1) file any such motion within fourteen (14) days of the challenged decision; and (2) set forth a concise statement of "the matters or controlling decisions which counsel

---

[1] The Court mailed the Order to Mr. Kirsch at 1211 S. Eads Street, Arlington, VA 22202, the return address listed on the envelope containing his Motion for Reconsideration. He did not include an apartment number on his mailing.

Copies Mailed/Faxed
Chambers of Edgardo Ramos

believes the Court has overlooked." Local R. 6.3. "Where the movant fails to show that any controlling authority or facts have actually been overlooked, the motion for reconsideration must be denied." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Like the Motion for Reconsideration, the Motion to Amend is untimely, fails to cite any newly discovered evidence, and does not intimate that there has been any relevant change in controlling law. Accordingly, the Motion to Amend, like Mr. Kirsch's previous Motion for Reconsideration, is similarly without merit. *Id.* (Local Rule 6.3 is "narrowly construed and strictly applied.").

The Clerk of the Court is respectfully directed to terminate the motion (Doc. 12). Chambers will mail copies of the instant decision, as well as the Court's previous Order, Doc. 10, to Mr. Kirsch at 1211 S. Eads Street, #211, Arlington, VA 22202, and P.O. Box 423364, Kissimmee, FL 34742-3364, the two addresses included in Mr. Kirsch's Motion to Amend (Doc. 12 at 7-8).

SO ORDERED.

Dated:   February 28, 2014
         New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.